IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DOUGLAS AXELSON,

    Plaintiff,

    v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

Case No. 3:16-cv-00642-AA

OPINION AND ORDER

AIKEN, Judge:

    Plaintiff James Axelson seeks judicial review of the decision by the Commissioner of

Social Security ("Commissioner") denying his application for disability insurance benefits

("DIB") under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §

405(g). Because the Commissioner's decision is based on proper legal standards and supported

by substantial evidence, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff protectively filed an application for DIB on May 23, 2013, alleging disability beginning September 5, 2012. Tr. 78. Following a denial of benefits, plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ granted plaintiff's request, and a hearing was held on August 4, 2015. Tr. 49-77. On October 8, 2015, the ALJ determined plaintiff was not disabled. Tr. 338-339. Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council denied plaintiff's request for review. Tr. 1-5. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). In reviewing the Commissioner's alleged errors, this court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, the court must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, "cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation

omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) improperly rejecting the Department of Veterans Affairs ("VA") disability rating; (2) improperly rejecting a lay witness's statements; (3) failing to consider his testicular pain in the Residual Function Capacity ("RFC"); and (4) failing to consider his rosacea at step two of the RFC determination. Pl.'s Br. 3-10.

I.    VA Disability Rating

Plaintiff argues that the ALJ failed to address the VA rating of disability and did not provide "persuasive, specific, and valid reasons to support his ultimate finding." *Id.* at 4. Plaintiff argues that the ALJ failed to address the VA disability rating because the ALJ relied on the ratings found at Exhibits 12E and 6F/88 as opposed to Exhibit 5F. *Id.* Additionally, plaintiff contends that the ALJ "concluded that the VA rating was consistent with [plaintiff's] RFC without offering a modicum of explanation" and, more specifically, the "ALJ's analysis is no more than an unsupported and conclusory statement." *Id.*

The ALJ found that the VA's determination of disability does not result in a finding plaintiff totally unable to work. Tr. 39. The ALJ noted that the VA determined plaintiff had an overall disability rating of 90%. *Id.* In his RFC determination, the ALJ took into consideration the severe impairments of plaintiff, which include plaintiff's PTSD, depression, sleep apnea, degenerative disc disease, shoulder and foot impairments, and instability of the left acromioclavicular joint. *Id.* at 28. The ALJ also considered the non-severe impairments that were listed throughout the record, including tinnitus and obstructive sleep apnea. *Id.* at 28-29. In

making his finding, the ALJ reviewed the medical evidence in the record as well as plaintiff's activities of daily living and work history to conclude that plaintiff's claim of total inability to work was not entirely credible. *Id.* at 32.

Additionally, the ALJ gave some weight to the VA's disability determination because of the similarities in both Social Security Administration ("SSA") and the VA disability determinations. *Id.* The ALJ noted that "[t]he VA's determination of the claimant's overall disability rating . . . is not inconsistent with [his] assessment of limitations and noted residual functional capacity." *Id.* However, the ALJ found that the VA's disability determination, though similar to the SSA determination, does not result in finding plaintiff disabled in the Social Security context. *Id.*

As a matter of first impression, the ALJ must ordinarily give great weight to a VA's determination of disability. *McCartey v. Massanari,* 298 F.3d 1072 (9th Cir. 2002). "While a VA disability decision does not necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's findings in reaching his decision because of the similarities between the VA disability program and the Social Security disability program." *Hiler v. Astrue,* 687 F.3d 1208, 1211 (9th Cir. 2012) (internal quotation marks and ellipsis omitted). An ALJ "'may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.'" *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1225 (9th Cir. 2010) (quoting *McCartey,* 298 F.3d at 1076). Further, the ALJ does not fail to give the VA's determination of disability proper weight when he incorporates the VA's determination into plaintiff's RFC determination. *Turner,* 613 F.3d at 1225 (finding that the ALJ did not fail to give the VA's determination proper weight but instead incorporated it into plaintiff's overall RFC).

Here, the ALJ properly considered the VA's disability rating. The ALJ did not disagree with the VA's determination, but rather he concluded that it was consistent with his RFC determination. The severe and non-severe impairments found in the ALJ's RFC determinations were the same impairments found in the VA's determination of disability, which is fully supported by the medical evidence found in the record. Because the ALJ gave proper weight to the VA's determination when he incorporated it into his consideration of whether plaintiff is disabled in the Social Security context, *Turner*, 613 F.3d at 1225, the ALJ's decision is affirmed.

## II.     Lay Witness's Testimony

Plaintiff argues that the ALJ improperly rejected the testimony of Amanda Juza-Hamrick, MSW, LCSWA, a readjustment counselor with the Portland Veteran's Center, because even though she is not "an acceptable medical source" for disability determination, the ALJ must consider her opinion and should give it greater weight "on key issues such as impairment severity and functional effects, along with other evidence in the file." Pl.'s Br. 4-5. Plaintiff notes that Ms. Juza-Hamrick, "opined that [he] suffers from marked limitations in concentration, persistence and place, marked limitations in social functioning and moderate limitations in activities of daily living." *Id.*

Plaintiff also argues that the ALJ's reasoning for rejecting Ms. Juza-Hamrick's testimony is insufficient because he offered "a series of conclusory reasons" to reject the testimony as opposed to offering specific germane reasons. *Id.* at 6. Plaintiff further maintains that the ALJ's reason for rejecting Ms. Juza-Hamrick's testimony is vague because the ALJ "did not explain how [plaintiff's] treatment was conservative or why it would tend to discount this opinion." *Id.*

Ms. Juza-Hamrick reported that plaintiff's ability to obtain and maintain employment is affected by his PTSD symptoms. Tr. at 38. She noted that plaintiff could not concentrate for long

periods of time, work with others, complete an entire workday where he would be interrupted or "maintain socially appropriate behaviors and to respond appropriately to changes in the work setting." *Id.*

The ALJ found that Ms. Juza-Hamrick's testimony should be given little weight because her assessment was inconsistent with other treating physicians' reports and conflicted with the medical record. The ALJ noted that Ms. Juza-Hamrick's assessment was inconsistent with plaintiff's routine and treatment for his psychological impairments, significantly "the absence of psychiatric hospitalizations, some symptoms control with medication and treatment and at least one mention of compliance issues." Tr. 38. Specifically, the ALJ referenced the report from Dr. Irmgard Friedburg, a state agency psychological consultant, who opined that "[plaintiff] had no limitations in activities of daily living, moderate limitations in social functioning, no limitation in concentration, persistence or pace and no episodes of decompensation of extended duration." *Id.* at 39. The ALJ also acknowledged that Dr. Friedburg's conclusion that plaintiff "can complete predictable routines and cope with usual stresses." *Id.*

Moreover, the ALJ noted the case closure summary from Brie Petrie, Psy. D, who treated plaintiff from October 2012, to May 2015, which stated that plaintiff reported some progress on his treatment goals. *Id.* at 37. The ALJ also considered Ms. Petrie's report that plaintiff only complied with the recommended treatment, outside of sessions with her, twenty percent of the time. *Id.* In addition to Dr. Petrie's report, the ALJ noted that plaintiff's mental examination done in January 2013, at the Portland Veterans Center Counseling, listed plaintiff "as having normal memory without evidence of disorganized thinking." *Id.* at 31.

With regard to plaintiff's PTSD symptoms, the ALJ found that the medical evidence does not show that plaintiff was hospitalized for his mental illnesses or placed in out-patient care or

in-patient care. *Id.* at 37. Plaintiff was diagnosed with PTSD, depression, and anxiety, but the ALJ noted that his symptoms can be controlled with treatment and medication. *Id.* The ALJ also highlighted that the record revealed at least one instance of noncompliance with treatment recommendations as noted in Dr. Petrie's report. *Id.*

Lay testimony regarding a claimant's symptoms or how impairment affects the ability to work is competent evidence that an ALJ must take into account. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation omitted). Evidence from "other sources," including nurse practitioners, and other non-medical, lay sources, may be used to show the severity of a claimant's impairments and how they affect his ability to work. 20 C.F.R. § 404.1513(d). In order to reject evidence from "other sources," the ALJ must give germane reasons for doing so. *Molina*, 674 F.3d at 1111. Impairments that can be controlled effectively with medication or treatment are not disabling for purposes of determining eligibility for benefits. *See Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The ALJ may also reject lay witness testimony due to inconsistencies with the medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Here, the ALJ gave several germane reasons for giving little weight to Ms. Juza-Hamrick's testimony. The ALJ found that Ms. Juza-Hamrick's mental assessment of plaintiff contradicted with the medical evidence presented by acceptable medical sources, which included Dr. Friedberg and Dr. Petrie. *Bayliss*, 427 F.3d at 1218. The ALJ provided further germane reasons for giving little weight to Ms. Juza-Hamrick's testimony based on the medical evidence in the record, which is inconsistent with her findings and shows that some of plaintiff's

symptoms can be controlled by medication. *Warre*, 439 F.3d at 1006. Thus, the ALJ did not err in his consideration of Ms. Juza-Hamrick's testimony.

III.    Determination of Testicular Discomfort at Step Two

Plaintiff argues that even though the ALJ did not err in finding plaintiff's testicular pain was not a medical impairment at step two of plaintiff's RFC assessment, the ALJ failed to properly consider how plaintiff is limited by his symptoms. Pl.'s Br. 8. Particularly, plaintiff avers that the ALJ "entirely failed to address how [plaintiff's] acute and chronic testicular pain would limit his ability to work." *Id.*

During step two, the ALJ determined plaintiff's complaints and symptoms that were severe under the law. *See id.* at 28. This finding did not include plaintiff's testicular pain. *Id.* The ALJ found the conditions that were not severe only had "transient and mild symptoms and limitation" on plaintiff and "do not have a greater than a minimal limitation" on plaintiff's physical and mental abilities. *Id.* at 29. Also, the ALJ concluded that despite plaintiff's claims of debilitating pain, "the medical evidence record also shows fairly robust activity levels." *Id.*

The step two inquiry is a *de minimis* screening device used to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 147, 153-54 (1987). The claimant bears the burden of establishing that he has a severe impairment at step two by providing medical evidence. 20 C.F.R. §§ 404.1512; 416.912. An impairment or combination of impairments is "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). The ALJ is required to consider the combined effect of all the claimant's impairments on his ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Thus, if the ALJ

determines that a claimant has a severe impairment at step two, the sequential analysis proceeds, and the ALJ must continue considering all of the claimant's limitations, severe or not. SSR 96-9p, 1996 WL 374184 (July 2, 1996).

Here, the ALJ took into consideration plaintiff's severe impairments and the non-severe impairments when making the RFC determination at step two. Based on his determinations, the ALJ concluded that the conditions that only had a mild or moderate effect on plaintiff's abilities are not severe. *Webb*, 433 F.3d at 686. This Court can make reasonable inferences based on the record and the ALJ's ruling. Because the ALJ listed the severe impairments in his opinion, which did not include plaintiff's testicular pain, this Court concludes that testicular pain is not a severe impairment under step two of the analysis, and, therefore, the ALJ did not err in considering plaintiff's testicular pain.

IV.    Determination of Rosacea at Step Two

Plaintiff argues that the ALJ failed to consider his rosacea at step two of the evaluation. Pl.'s Br. 9. Specifically, plaintiff urges that the medical records, the VA's disability rating of his rosacea, and Dr. Lahr's report support the argument that the ALJ should have considered plaintiff's rosacea. *Id.* Plaintiff contends that the ALJ's failure to account for this constituted a harmful error and "must be remanded for a full and fair consideration." *Id.*

In finding that plaintiff is not disabled, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements." Tr. 31. In determining which impairments are severe under the law, the ALJ considered the symptoms and complaints that appeared throughout the record. *Id.* at 28. The ALJ found that the non-severe conditions do not have more than minimal limitations on plaintiff's physical and mental abilities. *Id.*

"The decision of the ALJ will not be reversed for errors that are harmless." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). "We have long recognized that harmless error principles apply in the Social Security Act context." *Molina*, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," *id.*, or "if the agency's path may reasonably be discerned," even if the agency "explains its decision with less than ideal clarity." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Alaska Dep't of Envtl. Conserv. v. EPA*, 540 U.S. 461, 497, 124 S.Ct. 983, 157 L.Ed.2d 967 (2004)).

Here, the ALJ did not specifically mention plaintiff's rosacea, but nonetheless the error is harmless. As stated above, the ALJ reviewed the record and accounted for plaintiff's non-severe impairments, singly or in combination, when making the RFC determination. This Court holds that even if this is a legal error, the error is inconsequential to the ultimate nondisability determination and, as such, is harmless.

## CONCLUSION

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's final decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 2nd day of May 2017.

_____
ANN L. AIKEN
United States District Judge